# UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS

FILED
IN CLERKS OFFICE

2026 MAR 20  PM 3: 45

DISTRICT OF MASS.

Godfrey Unaka

Plaintiff,

V.

Experian Information Solutions, Inc.,

Defendant.

Civil Action No.

JURY TRIAL DEMANDED

## COMPLAINT

1. I, Godfrey Unaka, bring this action for statutory, actual, and punitive damages against Defendant Experian Information Solutions, Inc. ("Experian") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

2. Experian has maintained and reported materially inaccurate, incomplete, and misleading information in my consumer file, including accounts with internally contradictory data, mathematically impossible figures, and derogatory entries that do not accurately reflect the nature and status of the underlying obligations.

3. Experian failed to employ and follow reasonable procedures to ensure maximum possible accuracy of the information it reports, in violation of 15 U.S.C. § 1681e(b), and failed to conduct a proper reinvestigation upon notice of my disputes, in violation of 15 U.S.C. § 1681i.

4. These violations caused me concrete harm, including damaged credit scores across all reported FICO models, denial of credit opportunities, severe emotional distress, and financial injury.

UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 15 U.S.C. § 1681p and 28 U.S.C. § 1331, as this action arises under federal law.

6. Venue is proper in this district under 28 U.S.C. § 1391(b) because I reside in this district and a substantial part of the events giving rise to this action occurred here.

## PARTIES

7. I, Godfrey Unaka, am a natural person residing in Quincy, Massachusetts. I am a "consumer" as defined by 15 U.S.C. § 1681a(c).

8. Defendant Experian Information Solutions, Inc. is an Ohio corporation with its principal place of business at 475 Anton Boulevard, Costa Mesa, California 92626. Experian is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f), and it regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties.

## FACTUAL ALLEGATIONS

### A. The Experian Consumer Report

9. On or about March 18, 2026, I obtained a copy of my Experian consumer credit report. The report reveals numerous inaccuracies, internal contradictions, and data anomalies that demonstrate Experian's failure to maintain maximum possible accuracy in my file.

10. My FICO Score 8, as reported by Experian on March 18, 2026, is 568 -- a score well below the national average that directly reflects the impact of the inaccurate and derogatory information Experian has maintained in my file.

Case 1:26-cv-11387-RGL   Document 1   Filed 03/30/26   Page 3 of 9

**B. The Merrick Bank Account: Mathematical Impossibility and Systemic Inaccuracy**

11. Experian's report includes a Merrick Bank Corp credit card account (Account No. 412061XXXXXX), opened July 9, 2021, with a reported credit limit of $500.

12. The account shows a current balance of $743 and a highest balance of $743, both of which exceed the stated credit limit of $500. This is a mathematical impossibility absent fraud, unauthorized fees, or reporting error. Experian has failed to flag or resolve this internal contradiction despite its obligation to do so under 15 U.S.C. § 1681e(b).

13. The account is reported as "Account charged off. $743 written off. $743 past due as of Mar 2026" -- meaning Experian is simultaneously reporting the account as both charged off and currently past due, creating a misleading double-derogatory presentation that overstates the negative impact on my credit profile.

14. The payment history for the Merrick Bank account shows a charge-off designation ("CO") beginning in May 2022 and continuing through January 2026 -- a span of 52 months of continuous charge-off reporting. This prolonged derogatory reporting, compounded by the mathematical impossibility of the balance exceeding the credit limit, constitutes a serious inaccuracy under the FCRA.

**C. The Verizon Wireless Account: Collection Account Inaccuracies**

15. Experian's report includes a Verizon Wireless account (Account No. 290095XXXXXXXXX), reporting a balance of $3,904 as a collection account past due as of January 2026. The account is listed as both "Closed" and as a "Collection account," with collection reporting beginning in October 2024 and continuing through January 2026.

16. The account's original balance and current reported balance are identical at $3,904 -- with no

Case 1:26-cv-11387-RGL-T   Document 1   Filed 03/20/26   Page 4 of 9

payment history or partial payment reflected -- suggesting the account data has not been updated or verified in a manner consistent with Experian's obligations under 15 U.S.C. § 1681e(b) and § 1681i.

### D. The National Grid Collection Account: Absence of Original Creditor Information

17. Experian's report includes a collection account designated as "NATIONAL GRID/MASSACHUSE" (Account No. 567336XX), with a balance of $2,214 first reported in January 2025. The field for "Original creditor" is blank, and no contact information is provided for the collection entity.

18. The absence of original creditor information and contact details for this collection account prevents me from identifying the nature, origin, or validity of the debt, and impedes my ability to investigate and dispute the account. This omission violates Experian's duty under 15 U.S.C. § 1681g(a) to clearly and accurately disclose all information in my file.

19. An FTC advisory letter (Darcy, June 30, 2000) confirms that omitting original creditor and furnisher identifying information from a consumer disclosure violates Section 1681g(a). Experian's failure to include this information is not an oversight but reflects a systemic deficiency in its disclosure practices.

### E. The WFBNA Auto Account: Prior Dispute and Experian's Inadequate Reinvestigation

20. The report includes a WFBNA Auto account (Account No. 517830XXXXXX) with the comment: "Completed investigation of FCRA dispute -- consumer disagrees." This notation confirms that I previously disputed the accuracy of information on this account, and that Experian conducted a reinvestigation but nevertheless verified the information as accurate despite my disagreement.

Case 1:26-cv-11387-RGL Document 1 Filed 03/20/26 Page 5 of 9

21. The "consumer disagrees" notation, without any correction to the underlying data, demonstrates that Experian's reinvestigation process failed to meaningfully evaluate the substance of my dispute. Under 15 U.S.C. § 1681i(a), Experian was required to delete or modify any item of information that could not be verified. Instead, it maintained the disputed data without modification.

### F. Dissemination to Third Parties and Concrete Harm

22. The Experian report reflects six hard inquiries from third-party creditors between June 2024 and March 2026, including inquiries from JPMorgan Chase (JPMCB CARD) on November 1, 2024, August 25, 2025, and March 9, 2026; Synchrony Bank / TJX on June 22, 2024, and August 25, 2025; and MACYS/CBNA on August 25, 2024. These inquiries confirm that Experian has been actively disseminating my consumer report -- containing the inaccurate data described herein -- to third-party creditors.

23. As a direct result of the inaccurate and derogatory information in my Experian file, I have suffered and continue to suffer: (a) a suppressed credit score of 568 across all FICO model variants reported by Experian; (b) denial of credit and unfavorable credit terms when applying for credit products; (c) severe emotional distress, including anxiety and frustration stemming from my inability to access credit at reasonable terms; and (d) financial injury including lost credit opportunities and costs associated with addressing these inaccuracies.

### G. Willfulness of Experian's Conduct

24. Experian's violations are willful within the meaning of 15 U.S.C. § 1681n and Safeco Insurance Co. of America v. Burr, 551 U.S. 47 (2007). Willfulness under the FCRA encompasses reckless disregard of a consumer's rights. Experian's conduct was willful and/or reckless for the following

reasons:

(a) Experian maintained an account balance exceeding the account's own credit limit -- a mathematical impossibility that a properly implemented verification system would have flagged and resolved;

(b) Experian simultaneously reported the Merrick Bank account as both charged off and currently past due, a double-derogatory presentation that a reasonable procedure would have identified as contradictory;

(c) Experian completed a prior reinvestigation of a disputed account and recorded my disagreement, yet retained the data without correction, demonstrating that its reinvestigation procedures are inadequate to fulfill the requirements of 15 U.S.C. § 1681i;

(d) Experian omitted original creditor identification from a collection account in my file, a deficiency that the FTC has explicitly identified as a violation of 15 U.S.C. § 1681g(a) since at least the year 2000; and

(e) Experian's systemic failures in accuracy and disclosure have been the subject of regulatory scrutiny and litigation, placing Experian on notice that its procedures are insufficient under the FCRA.

## COUNT I

## VIOLATION OF 15 U.S.C. § 1681e(b)

**(Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy)**

25. I re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

26. Experian is a consumer reporting agency subject to 15 U.S.C. § 1681e(b), which requires that whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual

about whom the report relates.

27. Experian violated § 1681e(b) by: (a) reporting a balance on the Merrick Bank account that exceeds the account's credit limit, constituting a mathematical impossibility; (b) simultaneously reporting the Merrick Bank account as charged off and currently past due; (c) reporting the Verizon Wireless account without updated balance or payment information; and (d) failing to identify or correct these internal contradictions and inaccuracies in my file.

28. Experian's failure to follow reasonable procedures caused me actual damages, including a damaged credit score, denial of credit, emotional distress, and financial injury.

29. Experian's conduct was willful or, in the alternative, negligent.

30. I am entitled to: (a) statutory damages of up to $1,000 per violation under 15 U.S.C. § 1681n(a)(1)(A); (b) punitive damages under 15 U.S.C. § 1681n(a)(2); (c) actual damages under 15 U.S.C. § 1681o(a)(1); and (d) attorney's fees and costs under 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2).

## COUNT II

## VIOLATION OF 15 U.S.C. § 1681i

### (Failure to Conduct Proper Reinvestigation of Disputed Information)

31. I re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

32. Experian is required under 15 U.S.C. § 1681i(a) to conduct a reasonable reinvestigation of disputed information and to delete or modify any item that cannot be verified.

33. I previously disputed the accuracy of information on the WFBNA Auto account. Experian conducted a reinvestigation and recorded the notation "Completed investigation of FCRA dispute -- consumer disagrees," confirming that its reinvestigation process concluded without

correcting the disputed data despite my objection.

34. Experian's reinvestigation was inadequate. A proper reinvestigation would have required Experian to contact the furnisher, review all relevant information submitted, and either correct inaccurate data or delete information that could not be verified. Experian's notation of my disagreement without any corrective action demonstrates that it failed to meet this standard.

35. Experian's failure to conduct a proper reinvestigation caused me actual damages, including continued reporting of inaccurate data, damaged credit scores, and emotional distress.

36. Experian's conduct was willful or, in the alternative, negligent.

37. I am entitled to: (a) statutory damages of up to $1,000 per violation under 15 U.S.C. § 1681n(a)(1)(A); (b) punitive damages under 15 U.S.C. § 1681n(a)(2); (c) actual damages under 15 U.S.C. § 1681o(a)(1); and (d) attorney's fees and costs under 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2).

## COUNT III

## VIOLATION OF 15 U.S.C. § 1681g(a)

### (Failure to Clearly and Accurately Disclose All File Information)

38. I re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

39. Section 1681g(a) of the FCRA requires that upon request, every consumer reporting agency shall clearly and accurately disclose to the consumer all information in the consumer's file at the time of the request, including the sources of information and the recipients of any consumer report.

40. The consumer disclosure Experian provided to me omits the original creditor identification for the National Grid collection account and omits contact information for that furnisher, making

it impossible for me to identify the nature and origin of the debt or to pursue a meaningful dispute.

41. The FTC advisory letter (Darcy, June 30, 2000) confirms that omitting such identifying information from a consumer disclosure constitutes a violation of § 1681g(a). Experian's disclosure practices fail to provide the "clear and accurate" disclosure mandated by the statute.

42. Experian's failure to provide me with a complete and accurate disclosure caused me actual harm by preventing me from effectively investigating and disputing the collection account, which continues to suppress my credit scores and limit my access to credit.

43. Experian's conduct was willful or, in the alternative, negligent.

44. I am entitled to: (a) statutory damages of up to $1,000 per violation under 15 U.S.C. § 1681n(a)(1)(A); (b) punitive damages under 15 U.S.C. § 1681n(a)(2); (c) actual damages under 15 U.S.C. § 1681o(a)(1); and (d) attorney's fees and costs under 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2).

## **PRAYER FOR RELIEF**

WHEREFORE, I respectfully request that this Court:

1. Award statutory damages of $1,000 per violation under 15 U.S.C. § 1681n(a)(1)(A);

2. Award actual damages pursuant to 15 U.S.C. § 1681o(a)(1) in an amount to be determined at trial;

3. Award punitive damages under 15 U.S.C. § 1681n(a)(2) for Experian's willful violations;

4. Award attorney's fees and costs under 15 U.S.C. §§ 1681n(a)(3) and/or 1681o(a)(2);

5. Grant such other and further relief as the Court deems just and proper.